## In re CROWLEY.

### Patent Appeal No. 3382.

Court of Customs and Patent Appeals.
Jan. 28, 1935.

Kwis, Hudson & Kent, of Cleveland, Ohio (Watts T. Estabrook, of Washington, D. C., and W. E. Williams, of Cleveland, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

754

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Four claims of an application for patent, relating to valve stems designed particularly for use with pneumatic tires of motor vehicles, are here upon appeal from a decision of the Board of Appeals of the United States Patent Office affirming their rejection by the Examiner. The claims are numbered 8, 9, 10, and 11, respectively. Of these, Nos. 8 and 10 are thought to be typical:

"8. A valve stem comprising two stem parts, one of said parts having an internal bore extending therethrough and being provided with a head at one end and with a reduced portion, a packing arranged on said reduced portion, the other of said parts being tubular and telescoping upon the first named part, said second named part having one end formed to interiorly receive a valve insides and the other end thereof located when the stem is assembled adjacent to the head of the first named part, said second named part also having a portion engaging the·said packing with a wedging action to effect an air seal between the two parts, and means for securing the two stem parts together."

"10. A valve stem comprising two stem parts, one of said parts having an internal bore extending therethrough and being provided with a head at one end, the other of said parts being tubular and telescoping upon the first named part and having one end formed to receive a valve insides, a spreader plate, and means swivelly connecting said spreader plate and said second named part for securing said stem parts together."

As is indicated by the claims, appellant discloses a two-part valve stem. The part which is designed to be attached permanently to the inner tube of the tire during the process of tube manufacture, and which is referred to as the "inner" part, may be of standard construction, while the other or "outer" part may be made of such length and shape, that is, straight or bent, as will adapt it to different types of wheels. It is proper to note that while the drawings disclose different forms, nothing relative to shape is contained in the claims themselves.

The disclosure relating to the first or inner part is that of a member bored internally and fitted at one end with a head designed to be placed on the inner side of the pneumatic tube, the other end being reduced in size and having packing arranged on the reduced portion.

The second or outer part is a tubular member or stem designed to telescope upon the reduced portion of the inner part, being screwed down upon same so that·its lower end is located adjacent the head element of the first or inner member. The outer end of the outer part is designed to receive a "valve insides," or core. In one figure of the drawings there is also disclosed a spreader plate so placed outside the pneumatic tube as to co-operate with the head of the first or inner part and hold the tube clamped between head and plate. This plate is provided with a swivel connection to a nut, which nut in turn is swively connected with the stem.

The rejection by the Examiner rested upon two grounds; first, that of aggregativeness, it being his opinion that "the specific joint between the parts bears no patentable relation to the formation of the outer part to receive a valve insides"; and, second, as not inventive over the prior art cited; the references being Gibouret (French) patent No. 496,512; Schrader, 604,424, May 24, 1898; Kraft, 1,432,869, October 24, 1922; and Oakley, 1,655,104, January 3, 1928.

The Board expressly overruled the first ground, that of aggregativeness, but sustained the rejection upon the prior art after pointing out that: " * * * Gibouret discloses a two-part valve stem comprising an inner member provided with a head and externally screw threaded to receive the outer member. The outer end of the outer member is provided with a valve of specific construction. Schrader discloses a valve stem comprising a part externally screw threaded and provided at one end with a thread, and at the other end with an interior conical seat, a second part carrying the valve and provided at one end with a packing to cooperate with the seat in the other member, the two members being clamped together by means of a swiveled member threaded to the external threads of the first member. Kraft discloses a valve stem provided with an insert to receive the valve insides. Oakley discloses a valve stem comprising a part externally screw threaded and provided with a head and a spreader with a nut swiveled to the spreader."

The purport of the Board's decision, as we understand it, is that each of the features of appellant's combination, as defined in the

rejected claims, is found in one or other of the cited references, and that it did not involve other than mechanical skill to make the requisite modifications of same and combine them in appellant's device.

The brief for appellant makes the following contentions, the italics being quoted as they appear in said brief:

"a. The Patent Office has not cited in the record of this application any prior patent or patents disclosing a valve stem construction comparable in *purpose and function* to appellant's construction; that is, a two-part valve stem, the inner part of which is of *standard construction* and has associated therewith *an outer part for receiving the valve insides which may be varied in shape and length to adapt the valve stem to different types of automobile wheels.*

"b. The Board of Appeals in rejecting the claims failed to note *this lack of identity of purpose and function between the prior art patents and appellant's construction* and, therefore, committed an error under the doctrine of this Court as exemplified in decisions hereinafter to be referred to.

"c. The Board of Appeals, in relying on the disclosure of a foreign patent showing a construction *lacking in identity of purpose and function* with appellant's construction and *in suggesting certain changes in the construction shown in said foreign patent,* did not observe the rule of this Court with respect to disclosures of foreign patents as anticipations, as will be pointed out by decisions hereinafter referred to."

Upon the contention expressed in paragraph a, supra, to the effect that no prior patent has been cited which discloses a valve stem construction comparable in purpose and function to appellant's construction, the brief cites the decision of this court in the case of In re Wallace R. Gillam, 37 F.(2d) 959, 17 C. C. P. A. (Patents) 877, with the insistence that it was there held that the court was justified in reversing the experts of the Patent Office in cases where there "was a lack of identity of purpose and function" between the references and the application.

We are of opinion that our decision in the Gillam Case, supra, has not been correctly understood by counsel for appellant. We there had nothing to say relative to "identity of purpose and function." It was there said, in substance, that, in our opinion, there was a clear distinction between the "idea" embodied in the application there involved and the reference cited against it, and that this was an essential distinction, and we followed this by pointing out the particular feature of *structure* which embodied such essential distinction.

In the case of In re Joseph W. Isherwood, 40 F.(2d) 987, 988, 17 C. C. P. A. (Patents) 1187, this court, citing authorities, had occasion to say: " * * * it is true, as a matter of law, that, if the applicant has taken one feature from one patented device, and another feature from another patented device, and combined them, and has produced no results other than were produced by the original devices in their individual operation, he has invented nothing."

When the foregoing rule is applied to the claims here on appeal, we are forced to the conclusion that invention is lacking.

It is true that appellant presents a structure wherein there may be combined a standard element with one which may take different shapes to meet the requirements of different types of motor vehicle wheels, but each element of both the general parts is found in some one of the references, performing substantially the same function there as it performs in the device of appellant.

It may be true, as counsel for appellant urges, that the French patent to Gibouret "does not disclose a two-part valve stem, the inner part of which is standard and the outer part of which may be angularly bent or changed as to length to suit varying conditions," but, as has been stated, appellant's claims have nothing to say relative to bending or length, and it is not questioned that Gibouret does clearly disclose a two-part valve construction.

It may also be true, as is claimed for appellant, that Gibouret's outer part requires a special, and not the conventional, form of "valve insides" or core, but nothing is found in the claims before us which describes appellant's outer part as being designed for any particular character of "valve insides." So far as the claims are concerned, appellant's valve insides may be either conventional or of some special type.

Incidentally, it may be said that the patent to Kraft discloses a valve stem arranged to receive a valve core in one of its ends. It is true this is a one-part valve stem structure, but in so far as the feature of the "valve insides" is concerned, we can see no reason for holding it not a pertinent reference.

It is urged on behalf of appellant that the principal reference, Gibouret, is a foreign patent, and that the rule has been laid down by this court that (quoting from brief) "foreign patents may not be measured as anticipatory by what may be made out of them, but only by what is clearly and definitely expressed in them." The cases of In re Gillam, supra, and In re Ernest G. Dann, 47 F.(2d) 356, 18 C. C. P. A. (Patents) 1031, are cited.

It is quite true that under many authorities a certain distinction has been declared between foreign and domestic patents when used as references, but certainly there is no authority which holds that what is clearly disclosed in a foreign patent may not be combined with the disclosures of other patents to negative patentability. The rule is to the contrary. In re Cross, 62 F.(2d) 182, 20 C. C. P. A. (Patents) 710.

We think the Board of Appeals did no more than this in the instant case.

We are unable to concur in the contention that there is error in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.